33959. MONARCH COMPANY INC. *v.* WEIS *et al.*

FELTON, J.   Code § 97-102 defines a "dealer" as used in Title 97 of the Code as one "who deals in futures or differences in market quotations of prices or values *of securities* or accepts margins on purchases or sales or pretended purchases or sales *of securities.*" (Emphasis supplied.) Therefore, one who deals in commodity futures such as cotton futures is not a dealer in securities as defined by Code § 97-102, and is not required to be licensed under Title 97 of the Code in order to carry on the business of trading in cotton futures; and, in view of this, the court did not err in sustaining the demurrer to and in striking the plea in bar and cross-action, and in allowing the case to proceed to trial and judgment for the plaintiffs.

Judgment affirmed.   *Sutton, C.J., and Worrill, J., concur.*

DECIDED APRIL 11, 1952.

*Lipschutz, Macey & Franklin,* for plaintiff in error.
*Dunaway, Howard & Embry,* contra.

Irving Weis & Company, a partnership composed of Irving Weis, Alexander Cycleman, Joseph Mark, and Morris Weis, sued The Monarch Company, Incorporated, for $620, due on open account for commissions on cotton purchased and sold by the defendant through the plaintiffs as brokers.   The defendant filed a plea in bar, alleging: that the commissions sued for were due for sales by the plaintiffs, as brokers for the defendant, of cotton futures contracts; that the plaintiffs were thereby dealing in securities; that, during the period in which the sales were made, the plaintiffs were not licensed as dealers in securities as provided by Title 97 of the Code of Georgia; that at the time the defendant did not know that the plaintiffs were not so licensed; that dealing in securities without having first obtained a license as provided by the Code constituted a crime in Georgia, and that therefore the plaintiffs were not entitled to any commissions. The defendant also filed a cross-action for the commissions already paid to the plaintiffs.   The plaintiffs' demurrer to the plea in bar and the cross-action was sustained, the plea and cross-action were dismissed, and the defendant excepted pendente lite. On the trial of the case the jury found for the plaintiffs, and a judgment was entered accordingly.   The defendant assigns error on its exception pendente lite and on the judgment in favor of the plaintiffs.